UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA D. TUCKER,<br><br>   Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>   Defendant. | Case No. EDCV 08-0551-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On April 30, 2008, Georgia D. Tucker ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Supplemental Security Income benefits and Disability Insurance Benefits. On May 8, 2008, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On August 26, 2008, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on October 27, 2008, defendant filed an Answer to the Complaint. On December 29, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On July 1, 2005, plaintiff filed applications for Disability Insurance Benefits and Supplemental Social Security Income benefits alleging an onset date of April 21, 2001. (See Administrative Record ["AR"] at 85, 87-90, 91-95). The Commissioner denied plaintiff's applications for benefits both initially and upon reconsideration. (AR at 35, 36, 37, 38). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 66).

On October 26, 2007, the ALJ conducted a hearing in San Bernardino, California. (See AR at 10-34). Plaintiff appeared at the hearing with counsel and testified. (AR at 10, 12-29). Corinne Porter, a vocational expert, also testified at the hearing. (AR at 29-34). On November 30, 2007, the ALJ issued a decision denying benefits to plaintiff. (AR at 42-50). In his decision, the ALJ determined that plaintiff had the following severe impairments: a disorder of the cervical spine and a disorder of the lumbar spine. (AR at 44). The ALJ determined that plaintiff did not have an impairment or combination of impairments that meet or equal the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 44-45). The ALJ determined that plaintiff retained the residual functional capacity to perform a significant range of sedentary work.[1] (AR at 45). The ALJ determined that plaintiff's statements concerning the impact of her impairments on her ability to work were not entirely credible given the inconsistency in her statements and the inconsistency between her exaggerated symptoms of pain and the activity level she described to the consultative examiners, her minimal and conservative medical treatment, and the lack of objective findings supporting her allegations. (AR at 45-48). The ALJ also rejected the opinion of plaintiff's treating physician, Dr. Viet Dao, regarding plaintiff's physical residual functional capacity as

---

[1] Specifically, the ALJ found that plaintiff can occasionally lift and/or carry 20 pounds and frequently 10 pounds; stand and/or walk two hours in an eight hour work day and sit for six hours; occasionally climb ramps and stairs, but is precluded from ladders, scaffolds and ropes; occasionally balance, stoop, bend, crouch, kneel and less than occasionally crawl; is precluded from walking on even terrain; is limited to moderate exposure to vibration; and should avoid work environments with dangerous or fast moving machinery or work at unprotected heights. (AR at 45).

2

unsupported by his conservative and minimal treatment records, inconsistent with plaintiff's own admitted activities and limitations, and as internally contradictory. (AR at 48). The ALJ further determined that plaintiff had not alleged or credibly established any mental impairment and, thus, plaintiff does not have a severe mental impairment. (Id.). Given plaintiff's age, education, work experience and residual functional capacity, the ALJ determined that plaintiff was unable to perform her past relevant work, but otherwise could perform jobs existing in significant numbers in the national economy, including the jobs of small items assembly person, production inspector and ticket checker. (AR at 49-50). Accordingly, the ALJ concluded that plaintiff was not disabled from April 21, 2001, the alleged disability onset date, through the date of his decision. (AR at 42, 50). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (See AR at 2-4).

Thereafter, plaintiff appealed to the United States District Court.

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1. The ALJ failed to properly consider Dr. Dao's opinion regarding plaintiff's osteoarthritis of the spine.

2. The ALJ failed to properly consider Dr. Dao's opinion regarding plaintiff's multiple physical and mental limitations regarding her ability to do work related activities.

3. The ALJ failed to fully and fairly develop the record regarding Dr. Dao's opinions regarding plaintiff's multiple mental and physical limitations.

4. The ALJ failed to properly consider plaintiff's testimony and make proper credibility findings.

5. The ALJ failed to properly consider plaintiff's residual functional capacity.

6. The ALJ failed to pose a complete hypothetical to the vocational expert.

///
///
///

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

## DISCUSSION

**A.     The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively

disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.      Viet Dao, M.D.**

Plaintiff contends that the ALJ failed to properly consider the opinion of Viet Dao, M.D., plaintiff's treating physician, with respect to plaintiff's mental limitations regarding her ability to do work related activities. (See Joint Stipulation at 8-9).

On August 11, 2006, Dr. Dao completed a Work Capacity Evaluation (Mental) form regarding plaintiff's ability to perform work-related activities on a daily basis in a regular work setting. (AR at 235-36). In the form, Dr. Dao indicated that plaintiff had "moderate" limitations[2] in three areas, including her abilities to remember locations and work-like procedures, maintain attention and concentration for extended periods, and set realistic goals or make plans independently of others. (Id.). Dr. Dao also indicated that plaintiff had "slight" limitations[3] in thirteen areas, including her abilities to understand and remember very short and simple instructions, carry out very short and simple instructions, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, sustain an ordinary

---

[2] "Moderate" is defined as "[m]ore than slight but less than marked." (AR at 235).

[3] "Slight" is defined as "[s]ome mild limitation in this area, but generally functions pretty well." (AR at 235).

routine without special supervision, work in coordination with or in proximity to others without being distracted by them, to make simple work-related decisions, interact appropriately with the general public, ask simple questions or request assistance, accept instructions and respond appropriately to criticism from supervisors, get along with co-workers or peers without distracting them or exhibiting behavioral extremes, maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, respond appropriately to changes in the work setting, and be aware of normal hazards and take appropriate precautions. (AR at 235-36). Dr. Dao also indicated that plaintiff was not a malingerer, plaintiff's mental impairment had lasted or could be expected to last at least twelve (12) months, and he expected plaintiff's mental impairments or treatment would cause plaintiff to miss three or more days of work each month. (AR at 236).

In his decision, the ALJ determined that plaintiff had "not alleged or credibly established any mental impairment." (AR at 48). The ALJ relied on the opinion of Linda M. Smith, M.D., the psychiatric consultative examiner who had performed a complete psychiatric evaluation of plaintiff on December 6, 2005. (AR at 48; see AR at 196-201). Based on her examination of plaintiff, Dr. Smith opined that plaintiff was not functionally impaired in her abilities to understand, remember or complete simple or complex commands, interact appropriately with supervisors, co-workers or the public, comply with job rules such as safety and attendance, respond to change in a normal workplace setting, and maintain persistence and pace in a normal workplace setting. (AR at 201). In determining that plaintiff did not have a severe mental impairment, the ALJ stated:

> [Plaintiff] reported to the psychiatric consultative examiner, Dr. Smith, that "her main problem [was] physical in nature and that would be the main reason why she would have trouble working." [AR at 196]. I have given great weight to the State Agency and the consultative examiners and find that their conclusions are consistent with the medical evidence and the admissions of the claimant.

(AR at 48).

Plaintiff argues that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Dr. Dao regarding plaintiff's mental limitations. (See Joint Stipulation at 8). Plaintiff further argues that, if the ALJ had any doubts regarding the clinical findings that supported Dr. Dao's Work Capacity Evaluation (Mental) form, the ALJ had a legal duty to develop the record, but failed to do so. (See Joint Stipulation at 9).

The ALJ is charged with determining a claimant's residual functional capacity based on an evaluation of the evidence as a whole. See 20 C.F.R. § 416.945. The medical opinion of a treating physician is entitled to special weight because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." See 20 C.F.R. § 404.1527; Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended) (the opinions of treating physicians should be given more weight than the opinions of doctors who do not treat the claimant); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). If a treating physician's opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, it will be given controlling weight. 20 C.F.R. § 404.1527.

An ALJ may properly reject the opinion of an uncontroverted treating physician only for "clear and convincing" reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830. An ALJ may reject the controverted opinion of a treating physician only by providing specific and legitimate reasons for doing so that are supported by substantial evidence in the record. See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). The ALJ can meet this burden by setting out a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick, 157 F.3d at 725; Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). More than just rendering conclusions, the ALJ must set forth

7

interpretations and explain why his interpretations, rather than the physician's, are correct. Orn, 495 F.3d at 632; Reddick, 157 F.3d at 725; Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

An ALJ may rely on the absence of objective findings to reject a treating physician's opinion. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (inadequate clinical findings provide clear and convincing reasons for ALJ to reject treating physician's opinion); Buckhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir. 1988) (proper to disregard uncontroverted treating physician's opinion when he fails to provide objective descriptions of medical findings). In addition, an ALJ may reject all or part of an examining physician's report if it contains inconsistencies, is conclusory, or inadequately supported by clinical findings. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). However, a finding that a treating physician's opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is not inconsistent with the other substantial evidence in the record, only means that the opinion is not entitled to controlling weight. Social Security Ruling ("SSR") 96-2p[4] ("A finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected."). The opinions rendered by treating physicians are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. Section 404.1527, such as the length of the treatment relationship, frequency of examination, and the nature and extent of the treatment relationship. SSR 96-2p; 20 C.F.R. § 404.1527(d)(2).

As plaintiff's treating physician, Dr. Dao's opinion is entitled to special weight. See Orn, 495 F.3d at 631-34. As discussed above, in order to properly disregard the controverted opinion of Dr. Dao, the ALJ must set forth specific and legitimate reasons for doing so that are supported by substantial evidence in the record. See Orn, 495 F.3d at 632; Connett, 340 F.3d at 874; Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) ("The ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinions of other doctors, without

---

[4] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

providing specific and legitimate reasons supported by substantial evidence in the record." (internal quotation marks omitted)).  Here, the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Dao's opinion regarding plaintiff's mental limitations, as well as his opinion that plaintiff's mental impairment had lasted or could be expected to last at least 12 months, and that plaintiff's mental impairment or treatment would cause her to miss three or more days of work each month.  Indeed, the ALJ did not discuss or reference Dr. Dao's August 11, 2006 Work Capacity Evaluation (Mental) in his decision, or explain the weight he gave to Dr. Dao's opinions regarding plaintiff's mental impairments.  Instead, the ALJ concluded that plaintiff had not alleged or credibly established any mental impairment, and stated that he gave great weight to the State Agency and consultative examiners, including Dr. Smith.  (See AR at 48).  In light of Dr. Dao's two-year treatment relationship with plaintiff (see AR at 46; see id. at 18-19)[5], the ALJ should have discussed Dr. Dao's findings and provided specific and legitimate reasons for discounting his opinions regarding plaintiff's mental impairments.  Moreover, if the ALJ needed to obtain more specific information regarding Dr. Dao's opinion, the ALJ should have developed the record further.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of [the treating physician's] opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them."); Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 1991) (ALJ has an independent duty to fully and fairly develop the record and assure that the plaintiff's interests are considered); see also Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) (the ALJ's duty to develop the record exists even when the claimant is represented by counsel).

In the Joint Stipulation, defendant argues that the ALJ properly rejected Dr. Dao's mental work capacity evaluation.  (Joint Stipulation at 9).  Specifically, defendant asserts that the ALJ noted that, on the same date the report was made, August 11, 2006, plaintiff visited Dr. Dao, who listed plaintiff's chief complaint as "paperwork."  (Joint Stipulation at 9-10 (citing AR at 48,

---

[5] At the October 26, 2007 hearing, plaintiff testified that started seeing Dr. Dao in 2005, and had last seen him in February 2007.  Plaintiff stated that she saw Dr. Dao every month.  (See AR at 17-19).

250)). Defendant asserts that the ALJ found the assessment was not supported by any specific clinical findings and, as the ALJ noted earlier in his decision, the limitations were inconsistent with plaintiff's own activities, including driving her mother to and from work each day, operating a motor vehicle, reading books and newspapers, attending church services and running errands. (Joint Stipulation at 10 (citing AR at 48, 128, 131-32, 196, 198)). Defendant also asserts that the ALJ compared Dr. Dao's opinion with the contrary findings of Dr. Smith, who noted that plaintiff's inability to work was physical in nature but found no mental impairments affecting plaintiff's ability to work. (Joint Stipulation at 10).

Defendant's assertions lack merit. The ALJ made no findings whatsoever regarding Dr. Dao's August 11, 2006 Work Capacity Evaluation (Mental) form. Although it appears that plaintiff saw Dr. Dao on the same day he completed the Work Capacity Evaluation (Mental), and described plaintiff's "chief complaint" in his treatment notes as "paperwork" (AR at 250), the ALJ did not refer to either Dr. Dao's mental evaluation form or his August 11, 2006 treatment notes in his decision. Rather, the ALJ referred to Dr. Dao's January 30, 2007 treatment notes, which described plaintiff's chief complaint as "Paperwork" (AR at 271), in the context of rejecting a "Medical Report" completed by Dr. Dao on that day (AR at 272). (See AR at 48). The Medical Report described plaintiff's "diagnosis and prognosis" as back pain, disc bulge and severe pain, and indicated that the probable duration of her diagnosed condition was permanent and plaintiff could perform "[n]o [w]ork." (AR at 272). The ALJ rejected Dr. Dao's medical report, noting that it contained no date-specific medical findings or reference to specific supporting medical records. (See AR at 48). Further, the ALJ found that the "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)," completed by Dr. Dao on August 11, 2006, and not his mental evaluation form, was inconsistent with plaintiff's own admitted activities and reported limitations; indeed, the activities defendant describes as being inconsistent with Dr. Dao's mental evaluation form are primarily physical, not mental, in nature. (See AR at 48, 238-40). Finally, the ALJ did not mention Dr. Dao's Work Capacity Evaluation (Mental) form, much less conduct a comparison between Dr. Dao's opinion regarding plaintiff's mental limitations and Dr. Smith's contrary findings. Any attempt to justify the ALJ's rejection of Dr. Dao's opinion

post hoc is not sufficient to cure the ALJ's error. See Vista Hill Found. v. Heckler, 767 F.2d 556, 559 (9th Cir. 1985) (a reviewing court may affirm an administrative decision only on grounds articulated by the agency); Barbato v. Comm'r., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) (a court may remand if the decision of the ALJ as to claimant's entitlement to benefits on its face does not adequately explain how a conclusion was reached, even if Social Security Administration can offer proper post hoc explanations for such unexplained conclusions); see also Orn, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." (citing Connett, 340 F.3d at 874)).

In sum, the ALJ failed to meet his burden of setting forth a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings regarding Dr. Dao's August 11, 2006 Work Capacity Evaluation (Mental) form. Thus, the ALJ failed to set forth specific and legitimate reasons for rejecting Dr. Dao's form opinion. See Reddick, 157 F.3d at 725; Cotton, 799 F.2d at 1408. While other evidence in the record may well constitute substantial evidence supporting the ALJ's disability determination, the ALJ must still provide specific and legitimate reasons for rejecting Dr. Dao's opinion regarding plaintiff's mental limitations.

**C.     The Hypothetical Question Posed to the Vocational Expert**

Plaintiff argues that the ALJ failed to incorporate all of plaintiff's limitations, including her multiple mental limitations and Dr. Dao's opinion that plaintiff's mental limitations are likely to cause her to miss more than three days of work each month, into the hypothetical questions he presented to the vocational expert. (See Joint Stipulation at 23). Plaintiff further argues that had the vocational expert been aware of these limitations, she may have determined that plaintiff was completely unable to sustain employment in any labor market. (See Joint Stipulation at 25). Defendant argues that the ALJ presented a complete hypothetical to the vocational expert that included all of plaintiff's limitations that were based on substantial evidence in the record. (See Joint Stipulation at 24-25).

As discussed above, the ALJ failed to properly consider Dr. Dao's opinions regarding

plaintiff's mental impairments. See supra Section B. In order for the vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations. Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1996); Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995). The hypothetical should be "accurate, detailed and supported by the medical record." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999). An ALJ may properly omit an alleged impairment from a hypothetical if the omission of the impairment is supported by substantial evidence in the record. See Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001). The ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006) (citing Osenbrock, 240 F.3d at 1164-65)).

Because the ALJ failed to properly evaluate Dr. Dao's opinion regarding plaintiff's mental limitations and his opinion that plaintiff likely would be absent from work more than three times a month as a result of her impairments or treatment, the Court cannot determine whether the omission of plaintiff's alleged mental limitations from the hypotheticals constituted error. See Osenbrock, 240 F.3d at 1165. This is so, especially in light of the vocational expert's testimony at the October 26, 2007 hearing that if plaintiff were "off task about ten percent of the time due to her impairments," she "would not be able to maintain employment" and "would not be working at a competitive rate." (AR at 32). Thus, on remand, the ALJ should pose a hypothetical question that contains all relevant mental and physical limitations.

D.   **Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. The ALJ failed to provide specific and legitimate reasons to support his decision to reject the opinion of Dr. Dao regarding plaintiff's

mental limitations. On remand, the ALJ must fully explain the weight that he assigns to the opinion of Dr. Dao and, if necessary, develop the record to the extent the ALJ does not have all the relevant information and/or records from Dr. Dao. If the ALJ rejects Dr. Dao's opinion regarding plaintiff's mental limitations, or the opinion of any other treating physician, in favor of the opinion of another physician, the ALJ must make detailed findings setting forth specific, legitimate reasons for doing so based on substantial evidence in the record. In addition, if, on remand the ALJ finds that plaintiff suffers from mental impairments, the ALJ must include those limitations in his determination of plaintiff's residual functional capacity and in any hypothetical question he poses to the vocational expert.[6]

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 23, 2009

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[6] In the Joint Stipulation, plaintiff also contends that the ALJ failed to properly consider Dr. Dao's opinion regarding plaintiff's osteoarthritis of the spine and plaintiff's multiple physical limitations regarding her ability to do work related activities, fully and fairly develop the record regarding Dr. Dao's opinions regarding plaintiff's multiple physical limitations, properly consider plaintiff's testimony and make proper credibility findings, and properly consider plaintiff's residual functional capacity. As explained above, however, the ALJ's error in failing to properly consider Dr. Dao's opinion regarding plaintiff's mental limitations and, consequently the Court's inability to determine whether the ALJ erred in omitting plaintiff's alleged mental limitations from the hypotheticals to the vocational expert, constitute sufficient reasons to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.